K. O. FLAKNE v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 30, 1908.

Nos. 15,859—(62).

**Carrier—Error in Place of Delivery.**

When a railway company carries cattle beyond the place to which they are billed, and delivers them to the consignee at another place, the latter may recover as damages the difference, if any, between the value of the cattle at the place where they should have been delivered and at the place where they were actually delivered, and in addition thereto any sum which, in order to get possession of the stock, he was required to pay as freight charges for carriage beyond their proper destination.

Action in the district court for Polk county to recover $412.70, damages for the alleged detention of certain cattle while the cattle were in defendant's possession as a common carrier. The case was tried before Watts, J., and a jury which rendered a verdict in favor of plaintiff for $14.70. From an order denying his motion to set aside the verdict and for a new trial, plaintiff appealed. Affirmed.

L. E. Gossman, for appellant.

J. D. Armstrong, J. W. Mason, and J. H. Maybury, for respondent.

[1] Reported in 118 N. W. 58.

ELLIOTT, J.

In an action against the railway company to recover damages alleged to have been caused by the shipment of certain cattle to Crookston, instead of Beltrami, to which latter point they were billed, the plaintiff was awarded a verdict for the sum of $14.70, and appealed from an order denying his motion for a new trial.

It appears that in April, 1906, C. M. Perry shipped about fifty head of cattle from Hudson, Wisconsin, to Beltrami, Minnesota, billed to K. O. Flakne. Ten of the cattle belonged to Flakne. Perry accompanied the cattle, and Flakne was to pay the freight on the arrival of the stock at Beltrami. When the stock arrived at Beltrami there was no one to pay the freight charges, and after a delay of two days Perry, without authority from Flakne, ordered the stock reloaded and shipped to Crookston, where they arrived on May 9. On May 10 the cattle were delivered by the railway company to Flakne at Crookston, where they were accepted and by him thereafter driven back to Beltrami.

The appellant contends that the damages awarded him were inadequate, and that the trial court adopted an improper rule for the measurement of his damages. Under the instructions of the court we are unable to say that the verdict is not sustained by the evidence. Under the contract the railway company was obliged to deliver the stock at Beltrami. The carriage from Beltrami to Crookston was in breach of its contract, and the plaintiff was entitled to recover the damages resulting to him therefrom.

He accepted the cattle from the railway company at Crookston, and thereby relieved the company from liability for any expenses incurred or injuries resulting to the cattle after such delivery. He might have insisted that the carrier perform its contract and deliver the cattle at Beltrami. If he had done so, he could have recovered any damages which resulted to him from the delay. But, having seen fit to accept the delivery at Crookston, he must be held to have assumed responsibility for the care of the cattle thereafter, and the only damages which he could recover would be the difference between the value of the cattle at Beltrami, where they were first properly taken, and their value at Crookston at the time of the delivery, and in addition the amount which the plaintiff had paid the railway company for freight for car-

rying the cattle from Beltrami to Crookston. The trial court so instructed the jury, and in this there was no error. 6 Cyc. 450; Cutting v. Grand Trunk, 13 Allen (Mass.) 381; Ingledew v. Northern R. Co., 7 Gray (Mass.) 86. No instructions were requested upon the question of special damages.

The cases cited in support of the claim that, in case of wrongful conversion, the owner of the goods may recover all the reasonable and necessary expenses incurred by him in pursuing, retaking, and returning his property, including the amount expended in caring for and keeping it while so detained and being returned, and also a reasonable amount for time spent, are not applicable upon the facts of this case. Such expenses are sometimes recoverable; but the railway company did not convert this property. It delivered it upon demand at a wrong destination, where it was accepted by the consignee. Under such circumstances the appellant cannot recover his expenses incurred in returning the cattle from Crookston to Beltrami. Manifestly the depreciation in the value of the cattle by reason of what occurred after the delivery is not a proper element of damages.

Order affirmed.